**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**FLOR MARIA PONCE,**

       **Plaintiff,**

v.                                           **Case No:   6:15-cv-1248-Orl-22GJK**

**AMERICAN TRUCK EQUIPMENT, NESTOR HERNANDEZ, CHRISTIN RIBERA, BRENT CARVER, RICK CARVER,**

       **Defendants.**

---

**REPORT AND RECOMMENDATION**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)** |
| **FILED:** | **July 31, 2015** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED, the complaint be dismissed, and the case be closed**.

**I.   BACKGROUND.**

On July 31, 2015, Plaintiff filed a complaint (the "Complaint") against American Truck Equipment, Nestor Hernandez, Christin, Ribera, Brent Carver and Rick Carver (collectively, the "Defendants"). Doc. No. 1. According to the Complaint, Plaintiff and all the Defendants are residents of Florida, and all of the factual allegations occurred in Florida. Doc. No. 1 at 1. Although the factual allegations are largely nonsensical, it appears that Plaintiff is alleging that the

Defendants have each interfered with Plaintiff's ongoing divorce or child custody action and they have, individually or collectively libeled, slandered, obstructed justice in the child custody proceeding, and caused Plaintiff emotional distress.  Doc. No. 1 at 3-4.  Plaintiff requests an award of $60,000.00 in compensatory damages.  Doc. No. 1 at 4.  Now before the Court is Plaintiff's motion to proceed *in forma pauperis* (the "Motion").  Doc. No. 2.  For the reasons set forth below, it is **RECOMMENDED** that the Court **DENY** the Motion, **DISMISS** the Complaint, and direct the Clerk to **CLOSE** the case.

## II. THE LAW.

### A. The Statute and Local Rules.

The United States Congress has required that the district court review[1] a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim.  *See* 28 U.S.C. § 1915.  The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*.  Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
>    (i)  is frivolous or malicious;
>    (ii) fails to state a claim on which relief
>       may be granted; or
>    (iii)  seeks monetary relief against a
>       defendant who is immune from
>       such relief.

28 U.S.C. § 1915(e)(2) (2010) (formerly § 1915(d)).[2]

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints.  Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 4.07 (a).

[2] Similarly, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.  28 U.S.C. § 1915(a)(3).

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. *See* Local Rule 4.07. Pursuant to Local Rule 4.07 (a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. Local Rule 4.07(a). The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under Section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

**B.    Discretion Under 28 U.S.C. § 1915.**

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).[3] The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

---

[3] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion and requiring dismissal if the court determines that the action or appeal is frivolous, malicious, or fails to state a claim under Section 1915(e)(2). *See Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

C.     **Frivolous Actions Under 28 U.S.C. § 1915(e)(2)(B)(i).**

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight or "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Clark v. Georgia Pardons and Paroles Board*, 915 F.2d 636, 639 (11th Cir. 1990).[4] The trial court must determine whether there is a factual and legal basis of constitutional or statutory dimension for the asserted wrong. *Clark*, 915 F.2d at 639. Specifically, a complaint is frivolous where it relies on "indisputably meritless legal theor[ies.]" *Id*. at 327. A complaint is also frivolous where it asserts factual allegations that are "clearly baseless," which, in turn, encompass allegations that are "fanciful," "fantastic," and "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 327-28). Accordingly, where a district court determines from the face of the complaint that the legal theories are indisputably meritless or the factual allegations are clearly baseless, the court may conclude that the case has little or no chance of success and dismiss the complaint before service has been perfected. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam). Critical to the Court's analysis is whether the claims asserted are within the limited jurisdiction of the federal courts. *See generally Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

**III.   ANALYSIS.**

For the reasons set forth below, the undersigned finds that the Motion should be **DENIED**, the Complaint should be **DISMISSED**, and the case should be closed.

---

[4] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives of § 1915(e)(2).

### A. No Subject Matter Jurisdiction.

The Complaint contains no specific allegations based upon federal question jurisdiction. *See* Doc. No. 1. Plaintiff raises claims based solely on Florida statutory and common law, *i.e.*, defamation per se, libel, slander, intentional or negligent infliction of emotional distress, and obstruction of justice. Doc. No. 1 at 1-3. Thus, the Court construes the Complaint as being brought under the Court's diversity jurisdiction. Doc. No. 1. However, pursuant to 28 U.S.C. § 1332(a)(1), in order to exercise diversity jurisdiction there must be complete diversity of citizenship between the parties and the amount in controversy must exceed $75,000.00. *Id*. Based on the face of the Complaint, there is not complete diversity between the parties and the amount in controversy is only $60,000.00. Doc. No. 1 at 1, 4. Thus, the Court lacks subject matter jurisdiction over the Complaint.

### B. The *Rooker-Feldman* and the *Younger* Abstention Doctrines.

Although it is difficult to follow, it appears that Plaintiff is requesting that this Court review and/or enforce the orders of the state court proceeding. Doc. No. 1 at 3 (alleging Defendant American Truck Equipment refused to comply with request for production for child support in divorce proceeding and Defendant Rivera refused to abide by income deduction order). "Abstention from the exercise of diversity jurisdiction in cases involving intrafamily relations is a policy of long standing in the federal courts." *Congleton v. Holy Cross Child Placement Agency, Inc.*, 919 F.2d 1077, 1078 (5th Cir. 1990) (citing *Ex parte Burrus*, 136 U.S. 586 (1890); *Lynde v. Lynde*, 181 U.S. 183 (1901); *State of Ohio v. Agler*, 280 U.S. 379 (1930)). *See also Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1 (2004) (federal courts "customarily decline[ ] to intervene [in] the realm of domestic relations.").

In addition to the general practice of abstaining from interfering in domestic relations cases,

the Complaint is due to be dismissed pursuant to the *Rooker-Feldman* and the *Younger* abstention doctrines.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983); *Younger v. Harris*, 401 U.S. 37, 43 (1971). "The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts." *Bey v. Ninth Judicial Circuit*, Case No. 6:11-cv-510-18DAB, 2011 WL 1791284, at *2 (M.D. Fla. Apr. 15, 2011).  Thus, to the extent Plaintiff is requesting that the district court review the final orders or judgments of the state court child custody proceeding, the Court lacks jurisdiction. *Id*.  Similarly, to the extent Plaintiff is seeking review of or the enforcement of the orders of a state court proceeding that remains pending, the *Younger* abstention doctrine forbids this Court from exercising jurisdiction over those claims.  *Younger*, 401 U.S. at 43 (The abstention doctrine is premised upon a fundamental "public policy against federal court interference with state court proceedings.").  Accordingly, regardless of the nature of the claims Plaintiff has brought or may bring, because Plaintiff is seeking to review and/or enforce the orders and judgments of a state court proceeding, this Court should not exercise jurisdiction over the claims.

**IV.     CONCLUSION.**

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **DENY** the Motion (Doc. No. 2);

2. **DISMISS** the Complaint (Doc. No. 1) without leave to amend; and

3. Direct the Clerk to **CLOSE** the case.

A party failing to file written objection to a magistrate judge's findings or recommendations within fourteen (14) days of issuance of the Report and Recommendation,

waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.

**Recommended** in Orlando, Florida on October 8, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy